UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONYA K.,[1]

      **Plaintiff,**

   v.

      Case No. 3:21-cv-00165
      Magistrate Judge Norah McCann King

**COMMISSIONER OF SOCIAL SECURITY,**[2]

      **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Tonya K. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 5, on *Plaintiff's Statement of Errors*, ECF No. 10, *Defendant's Memorandum in Opposition*, ECF No. 14, *Plaintiff's Reply*, ECF No. 15, and the *Certified Administrative Record*, ECF No. 8. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants *Plaintiff's Statement of Errors* and reverses the Commissioner's decision and remands the action for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.
[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

I.  PROCEDURAL HISTORY

Plaintiff filed her applications for benefits on August 27, 2018, alleging that she has been disabled since January 1, 2013, based on a number of physical and mental impairments. R. 873-79, 864-72 .[3] The applications were denied initially and upon reconsideration and Plaintiff sought a *de novo* hearing before an administrative law judge. R. 815. Administrative Law Judge ("ALJ") Kevin Barnes held a hearing on September 8, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 656-87. In a decision dated September 29, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from January 1, 2013, Plaintiff's alleged disability onset date, through the date of that decision. R. 62-88. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 20, 2021. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 22, 2022, the case was reassigned to the undersigned. ECF No. 13. The matter is ripe for disposition.

II.  LEGAL STANDARD

A.  **Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the

---

[3] References to pages as they appear in the Certified Administrative Record will be cited as "R. __."

substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof through step four; at step

3

five, the burden shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the

plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 42 years old on January 1, 2013, her alleged disability onset date. R. 86. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since that date. R. 65.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia; hip dysphasia; degenerative disc disease with chronic bilateral sacroiliac joint pain; arthritis; right rotator cuff tear and impingement; left ventricle diastolic dysfunction; hypertension; asthma; sleep apnea; diabetes mellitus; obesity; dissociative and conversion disorders; posttraumatic stress disorder ("PTSD"); borderline personality disorder; major depression; and attention deficit hyperactivity disorder ("ADHD"). R. 65.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. *Id*.

At step four, the ALJ found that Plaintiff had the RFC to perform a limited range of light work. R. 68-69. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a paramedic. R. 86.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.*, jobs as a housekeeping cleaner, an office helper, and a garment sorter—existed in the national economy and could be performed by Plaintiff. R. 86-87. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 1, 2013, her alleged disability onset date, through the date of the decision. *Id*.

Plaintiff disagrees with the ALJ's findings and conclusions and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 10; *Plaintiff's Reply Brief*, ECF No. 15.

IV.   **RELEVANT EVIDENCE**

Because the resolution of this case turns on the ALJ's failure to consider certain treatment notes and an opinion rendered by Plaintiff's treating therapist, the Court will limit its discussion to the evidence relevant to that issue.

As the ALJ found, Plaintiff suffers severe mental impairments. She was hospitalized in 2015 with diagnoses of altered mood and depressive behavior after expressing suicidal ideation. R. 1339. Plaintiff testified at the administrative hearing that she suffers from flashbacks and dissociation which "takes [her] back to where [she] was young," as well as to her time as a paramedic. R. 667. When she dissociates, she becomes unaware of her surroundings. *Id*. During these episodes, she relives the abuse that she endured as a child. R. 668. She also suffers from anxiety. R. 677. She needs help caring for her children and shopping for groceries. R. 671.

Plaintiff participates in weekly counseling sessions at New Creation Counseling. R. 676-77. Jill C. White, MS, LSW, Plaintiff's treating therapist since September 2009, reported in May 2019 that Plaintiff had experienced dissociative events while at work and at school. R. 3186. According to Ms. White, Plaintiff's dissociative events, poor stress tolerance, and emotional triggers prevent her from working. *Id*. She takes her medications as prescribed, but "[s]till dissociates during sessions." R. 3187. She requires help in completing household chores and shopping. *Id.*

The ALJ found this opinion "somewhat persuasive:"

6

> The opinion of Ms. Jill White, the claimant's therapist, is somewhat persuasive. Ms. White opined the claimant's dissociation events, poor stress tolerance, and emotional triggers limited her ability to work. While Ms. White's opinion reflects areas of concern, the claimant's treatment notes and performance on her psychological consultative examination suggest somewhat better functioning. Her mental health treatment notes generally reflect adequate mental functioning despite her dissociative episodes, which were primarily brought on by discussions of trauma. For example, despite her mood abnormalities, her treatment notes usually show that the claimant was casually dressed with normal grooming and hygiene. Associations were often intact and thought processes were frequently logical and goal-directed. She had no phobias, obsessions, compulsions, or hallucinations, and she usually denied suicidal or homicidal ideation. She was oriented with intact short- and long-term memory, intact concentration, normal language, normal fund of knowledge, and fair insight and judgment. Thus, while Ms. White's opinion reflects areas of concern, the record suggests somewhat better functioning than opined, and Ms. White's opinion is therefore only somewhat persuasive.

R. 85 (citations to record omitted).

After the administrative hearing but before the ALJ issued his decision, Plaintiff submitted New Creation Counseling treatment notes from 2019 and 2020, R. 195-655, and a mental impairment questionnaire completed by Ms. White in August 2020, R. 96-98. In that questionnaire, Ms. White diagnosed dissociative disorder, PTSD, and depression, manifested by poor memory, oddities of thought, perception, speech, behavior, perceptual disturbances, sleep disturbance, time or place disorientation, mood disturbances, social withdrawal or isolation, blunt, flat or inappropriate affect, illogical thinking or loosening of associations, decreased energy, recurrent panic attacks, intrusive recollections of a traumatic experience, persistent irrational fears, paranoia or inappropriate suspiciousness, generalized persistent anxiety, feelings of guilt, worthlessness, difficulty thinking or concentrating, past history of suicidal ideation or attempts., and periods of dissociation. *Id*. According to Ms. White, Plaintiff's ability to engage in almost all work-related activities was "[m]arkedly" impaired. R. 97-98. Limitations in her abilities to work a full day without more than allotted number or length of rest periods and to manage her psychologically based symptoms were characterized as "extreme." R. 97. Ms. White

opined that Plaintiff would be off task 20% or more of a typical workweek and would miss work more than three times per month as a result of her psychological problems. R. 96. Plaintiff could not perform regular, full-time, competitive work due to these limitations. R. 98.

Although these treatment notes and Ms. White's August 2020 opinion were submitted to the ALJ prior to the issuance of his decision, the ALJ did not discuss this evidence in his decision.

V.     **DISCUSSION**

Plaintiff complains that the ALJ committed reversible error in failing to consider the additional New Creation Treatment notes and Ms. White's August 2020 opinion. The Commissioner concedes that this evidence was properly submitted for consideration by the ALJ, *Defendant's Memorandum in Opposition*, ECF No. 14, PageID# 4315 (citing 20 C.F.R. § 404.935(b)(iv)), but argues that the ALJ's failure to consider the opinion was harmless. This Court disagrees.

In determining whether a claimant is disabled, an ALJ must "consider all evidence in [the] case record," 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3), and the regulations governing Plaintiff's applications, *i.e.*, filed after March 27, 2017, require that an ALJ consider all medical opinions and prior administrative medical findings in the record. 20 C.F.R. §§ 404.1520c, 416.920c. In this case, the ALJ wholly failed to discuss the additional treatment notes and Ms. White's August 2020 opinion.

It is certainly true that a failure to consider an opinion may amount to harmless error "if the ALJ adopted the opinion or made findings consistent with that opinion." *Beery v. Comm'r of Soc. Sec.*, 819 Fed. App'x 405, 408 (6th Cir. 2020) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). However, the ALJ in this case did not adopt Ms. White's August

8

2020 opinion, nor did he make findings consistent with that opinion, which would warrant a much more restrictive RFC than that found by the ALJ.

A failure to consider an opinion may also be harmless if the opinion "is so patently deficient that the Commissioner could not possibly credit it…." *Wilson,* 378 F.3d at 547. The Acting Commissioner argues that the treatment notes submitted for the first time after the administrative hearing are "largely similar" to the notes actually discussed by the ALJ, and that Ms. White's opinions "are wholly speculative and work preclusive." *Defendant's Memorandum in Opposition,* ECF No. 14, PageID# 4315-16. The Acting Commissioner's argument in this regard amounts to a request that this Court weigh this evidence and opinion in the first instance, a task that this Court declines to do. Rather, the Court concludes that the matter must be remanded to the Commissioner for consideration of the additional treatment notes and Ms. White's August 2020 opinion. Moreover, this Court concludes that remand is appropriate even if, on remand, the Commissioner again concludes that Plaintiff is not entitled to benefits.[4]

## VI. CONCLUSION

For these reasons, the Court **GRANTS** *Plaintiff's Statement of Errors,* ECF No. 10, **REVERSES** the Commissioner's decision, and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


Date:  December 6, 2022                *s/Norah McCann King*
                                        NORAH McCANN KING
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff raises additional claims in *Plaintiff's Statement of Errors*, ECF No. 10. In light of the Court's resolution of the case, the Court does not address those claims.